IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANEEF SAKIN NELSON | : | |
|  Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 14-1074 |
| | : | |
| THE LAW OFFICES OF | : | |
| BARBARA FEIN, P.C., and | : | |
| BARBARA FEIN, ESQ. | : | |
|  Respondents. | : | |

**<u>MEMORANDUM</u>**

**NORMA L. SHAPIRO**                                                                                       **NOVEMBER 23, 2015**

  Plaintiff Haneef Nelson alleges defendant Barbara Fein, Esq., and her law firm, The Law Offices of Barbara A. Fein, P.C., violated the Fair Debt Collection Practices Act (hereafter the "FDCPA") in attempting to collect Nelson's mortgage debt for a property he owned at 4212 Chester Ave. in Philadelphia.

  While "[a]n action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy," 15 U.S.C. §1692k(d), the court lacks jurisdiction over this action because the pleadings do not allege facts that would establish the FDCPA applies to Nelson's mortgage debt. *See Chavariagga v. N.J. Dep't Corr.*, No. 14-2044, 2015 WL 7171306, at *13 (3d Cir. 2015).

  To allege a valid claim under the FDCPA, "[a] threshold requirement . . . is that the prohibited practices are used in an attempt to collect a 'debt,'" as defined in the Act. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

the money, property, insurance, or services which are the subject of the transaction are **primarily for personal, family, or household purposes**." 15 U.S.C. § 1692a(5) (emphasis supplied). Property owned by the debtor for business purposes is not debt defined by the FDCPA. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400, n.23 (3d Cir. 2000) (remanding to the district court to distinguish class action plaintiffs owning their properties for business purposes from "owner-occupants" whose debt is covered by the FDCPA); *see also Piper v. Portnoff Law Assocs.*, 215 F.R.D. 495, 501-02 & n.10 (E.D. Pa. 2003).

In his pleadings Nelson does not allege he was the owner-occupant of the 4212 Chester Ave. property or otherwise used it primarily for personal, family, or household purposes. Neither the complaint nor the amended complaint mention the property or its use. Nelson has not alleged facts showing Fein was collecting debt covered by the FDCPA; he fails to establish jurisdiction, and his complaint will be dismissed. An appropriate order follows.